Hemphill, Ch. J.
The relator insists on his discharge on the ground of the insufficiency and illegality of the warrant, in this, that it does not show by recital that the representation and demand of the Governor of the State of Arkansas was accompanied with a copy of an indictment found, or an *323 affidavit made before some magistrate of tlie State of Arkansas, certified to by the said Executive as being duly authenticated, and charging the relator with having commuted the crime of forgery within the said State, and we are of opinion that on the ground set forth he is entitled to his discharge. The delivery up by the Executive of this State of fugitives from the justice of a sister State is controlled, not by the principles of international law or the practices of comity between nations or the provisions of any statute of this State, for none such has passed, but exclusively by the provision of the Constitution of the United States in relation to the subject-matter and the act of Congress adopted to carry the same into effect.
The portion of the section of the Constitution referred to is in these words : “A person charged in any State with treason, felony, or other crime, who “ shall flee from justice and be found in another State, shall, on demand of the “Executive authority of the State from which he fled, be delivered np to be “removed to the State having jurisdiction of the crime.”
The act of February, 1793, to carry this provision into effect, providing that whenever the Executive authority of any State or Territory shall demaud any fugitive from justice of the Executive authority of any such State or Territory to which such person shall have fled, and shall, moreover, produce the copy of an indictment found, or an affidavit made before a magistrate of any State or Territory as aforesaid, charging the person so demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or Chief Magistrate of the State or Territory from which the person charged fled, it shall''be the duty of the Executive of the State or Territory to which such person shall have fled to cause him or her to be arrested, &e. From this it is manifest that two of the essential elements of the authority to issue the warrant were—
1st. A copy of the indictment found or affidavit made charging the alleged fugitive with having committed the crime.
2d. The certificate of the Executive of Arkansas, that such copy was authentic. That was the evidence and the only evidence on which the warrant was authorized to issue. But so far from it appearing on the face of the warrant that such copy has been produced to the Executive, and that the warrant had issued in consequence thereof, it appears on the contrary that the Executive acted on the representations of the Executive of the State of Arkansas,to the effect that the relator stood charged with the crime of forgery in that State. These were altogether insufficient to give the Governor jurisdiction in the case. The representations of the Executive of the demanding State are of no effect, unless supported by a duly-authenticated copy of the indictment found or affidavit made. These are prerequisite to the issue of the warrant, and without these it is void and gives no authority to arrest or detain the person alleged to be charged. We are of opinion that the warrant should show on its face that such authentic copy of the indictment or affidavit had been produced to the Executive. Such appears to be the usual form in the cases which have been submitted to our examination. (9 Wendell, 212; 3 McLean, 121.)
Whether the indictment or affidavit should be fully set forth in the warrant is a point on which as yet we have not attained a definite conclusion. It might be very important in many cases to the liberty of the citizen that the tribunal before which he sues out his writ for discharge should have the opportunity of inspecting the indictment or affidavit, as these might be totally insufficient to sustain the charge. In the case cited from 3 McLean, 121, ex parte Joseph Smith, the affidavit was adjudged insufficient. This’opinion is intended simply to announce our conclusions in the case, and it probably may be written out more at large before the close of the Term.
Note. — The motion to detain was called to the attention of the court after the foregoing opinion was read from the bench. The court, without further argument, expressed the'opinion that they had no power to detain the prisoner. Justice Wheeler requests the .Reporter to note that upon this point he gave no opinion. — Rep,
We are of opinion that the prisoner is entitled to his discharge, and it is accordingly so ordered.
Ordered accordingly.