## IN RE EDWARDS, ON HABEAS CORPUS.

*Twelfth District Court for San Francisco Co., March T.,* 1858.

FUGITIVES FROM JUSTICE——REQUISITION——GOVERNOR'S WARRANT——AUTHENTICATION.

In order to justify the arrest in one state, of an individual as a fugitive from justice from another state, upon the requisition of the governor of the latter state, the warrant of the governor of the state wherein such individual *is arrested*, and by virtue whereof such arrest is made, must show that the proofs specified in the act of Congress, authorising and regulating this proceeding, were produced at the time of the requisition, and were authenticated in the manner prescribed in said act.

·Such a warrant, which recites certain matters as though they were within the knowledge of the governor issuing the warrant, and then says: "which is evidenced by an authenticated affidavit of *A. B.*," *held* insufficient—it must appear that the affidavit was authenticated by the governor making the requisition.

Whether the said act of Congress authorises the arrest of fugitives from justice from a *territory*, under a requisition of the governor of such territory, *quaere?*

In the matter, on *habeas corpus*, of *John Edwards* and *Joseph Sparmer*, claimed as fugitives from justice from the territory of *Oregon*, and held under a warrant issued by the governor of this state, upon a requisition of the governor of said territory.

*H. S. Brown*, district attorney.

*A. Campbell*, for petitioners.

NORTON, J.—The return to the writ of *habeas corpus* in this case, sets forth that the prisoners are detained by virtue of a warrant of the governor of this state, issued upon the requisition of the governor of the *territory of Oregon*, for their surrender as fugitives from justice. The warrant is produced as a part of the return, but the requisition is not produced nor the proofs by which it was accompanied. The legality of the detention must therefore be decided wholly by what appears on the face of the warrant.

The act of Congress of 1793 provides that when the executive of one state shall demand a fugitive from justice, "and shall moreover

produce the copy of an indictment found or an affidavit made before a magistrate of any state or territory, as aforesaid, charging the person, so demanded, with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the state from whence the person, so charged, fled, it shall be the duty of the executive authority of the state or territory to which such person shall have fled, to cause him or her to be arrested," etc. Judge *Story* says, 16 *Peters*, 620, that it was because the constitution was silent as to the party upon whom the demand is to be made, and as to the mode in which it shall be made, that this act was passed, " which designated the person upon whom the demand should be made, and the mode and proofs upon and in which it should be made." Many cases decided under this law, and, so far as I know, all the cases, have held that in order to justify an arrest under it, the warrant of the governor must show that the proofs specified in the act and authenticated as therein specified, were produced at the time the requisition was made. *Ex parte Thornton*, 9 *Texas*, 635 ; *ex parte Joseph Smith*, 3 *McLean*, 121 ; *State* v. *Schlemn*, 4 *Harrington*, 577 ; and see also *in the matter of Hayward*, 1 *Sand.*, 701.

The warrant in this case recites certain matters as though they were in the knowledge of the governor of this state, and then says : " which is evidenced by an authenticated affidavit of *T. B. Trevitt*," but does not state that the affidavit was taken before any magistrate of any territory or how or by whom it was authenticated. This warrant is insufficient, especially in omitting to show that the affidavit, which is indispensable to give the governor of this state authority to act, was certified as authentic by the governor making the requisition. It cannot be assumed that it was authenticated in the manner required by the act of Congress merely upon the recital that it was authenticated. If that were so, it would be sufficient in all cases to say briefly that a requisition has been made upon proper proofs. In this case it is not stated to be duly authenticated.

It was urged in the argument, that this arrest might be sustained under the statute of this state concerning crimes and punishments, §665, which requires a fugitive to be surrendered on demand, without speci-

fying the proofs, or mode upon or in which the demand shall be made. It might be sufficient to say that the warrant in this case does not purport to have been issued under the laws of this state alone, but "by virtue of the authority in me (the governor) vested by the constitution and laws of the United States, and the state of *California*." It does not appear that such a demand was made, as the governor would have considered sufficient under the laws of this state alone. He doubtless considered that the law of this state was only intended to make it obligatory on the governor, by the law of this state, to give effect to the law of Congress upon the subject. For this purpose, our legislature seems to have considered it unnecessary to do more than impose the duty in general terms, supposing the governor would act under, and, in the cases prescribed by, the act of Congress. But, if this section of our statute concerning crimes and punishments, is to be considered as an independent law of Congress, I should have little hesitation in saying that it would be inoperative for want of provisions as to the mode of its execution. It would, as judge *Story* says of the constitution before the passage of the act in 1793, confer and impose " a nominal right and passive duty." It cannot be that the legislature intended that a citizen should be seized and removed from the state, upon the demand of the executive of another state without the production of any proof that he had committed any offence, or was charged with any, except by the mere word of the executive making the demand.

It was also objected to the legality of this arrest that the act of Congress of 1793 is limited by its terms to requisitions made by the executive of a state, or of either of the territories, northwest or south of the *Ohio*, and also that the constitution of the United States is limited to requisitions made by the executive of states, and hence does not authorize the act of Congress so far as it imposes an obligation on the executive of a state to surrender a fugitive on the requisition of the executive of a territory. These are serious objections and not easily answered, but I have preferred to dispose of this application on other grounds and upon the authority of adjudged cases. Surrounded as this state is, and for a long time will continue to be, by territories, it will be a great evil if the criminals who will seek an asylum here from the

justice of those territories cannot be demanded and removed. Any difficulty on this ground might be readily removed by our legislature embodying the details of the act of Congress of 1793, or some equivalent provisions, in §655 of our act concerning crimes and punishments. Provisions of this nature, I believe, are usually contained in the laws of other states, where similar laws are passed.

The prisoners must be discharged.