## No. 5881.

### EX PARTE WILLIAM H. M. STANLEY.

1. HABEAS CORPUS—EXTRADITION WARRANT.—It is not essential to the sufficiency of an extradition warrant that it shall set out in full or be accompanied by the indictment or affidavit upon which it is based. The rule is that if "the papers upon which the warrant of extradition is issued are withheld by the executive, the warrant itself can be looked to for the evidence that the essential conditions of its issuance have been complied with, and it is sufficient if it recites what the law requires."

2. SAME.—Recital in the warrant of extradition that the demand of the Governor of the demanding State for the fugitives "was accompanied by a copy of said affidavit duly certified as authentic" is equivalent to a recital in the warrant that the said copy was certified as authentic by the Governor of the demanding State.

3. SAME.—If the demand for the extradition of the fugitive states facts which show that he is a fugitive from the demanding State to this State, it is sufficient without stating directly that he fled from the demanding State, and had taken refuge in this State.

4. SAME.—A warrant of extradition need not show that the crime charged against the fugitive in the indictment or affidavit is an offense against the laws of the demanding State.

5. SAME—EVIDENCE.—The State was permitted to read in evidence a copy of an affidavit made in California charging the relator with the offense of obtaining money under false pretenses. *Held* that, the said copy being no part of the respondent's return, nor attached thereto, nor accompanying the warrant, nor authenticated as evidence, nor shown nor claimed to be evidence upon which the warrant was based, its admission in evidence was error, but not such error as will operate to discharge the relator.

HABEAS CORPUS on appeal from the District Court of Bexar. Tried below before the Hon. George H. Noonan.

The opinion discloses the case and sets out the warrant of the Governor of the State, under which the relator was arrested and held in custody. The validity and sufficiency of the said warrant are the only questions involved in this appeal.

Upon the rendition of the opinion affirming the judgment and order of the trial court, the counsel for the relator filed a motion for rehearing, supported by the able brief which follows.

*Teel & Haltom*, for the motion for rehearing: The court, in passing upon the first ground of the exception made in the court below to the return of the sheriff, we think, has erred. Must the warrant cite or set forth the evidence upon which the requisition is based? We think so, and believe the best considered decisions so declare. In the Donahoe case, 84 New York, 438, cited in the opinion of the court, it is held that the executive warrant will be sufficient if it recites "what the law requires." What does the law require? First, a charge of crime; and the constitution and laws contemplate that it shall be a legal charge, and the court should have the right to determine the legality of the charge. If the courts are to be deprived of the power of passing upon the sufficiency of the "charge," then the privilege of habeas corpus amounts to but very little in this character of cases. The executive issuing the warrant of arrest holds the original demand and accompanying papers in his possession. Then how can the court upon habeas corpus determine whether the party has been legally charged with crime? The court can only know by the recitals in the warrant. To recite what the law requires is to recite the allegations in the indictment or affidavit. The Governor does not act in a judicial capacity, but purely in a ministerial capacity—in the same way a clerk of a court acts. (Thornton's case, 9 Texas, 646.)

It has been the practice for the different State courts to follow the decisions of the Federal courts in construing the statutes of the United States, and in passing upon property or personal rights growing out of or affected by such statutes; and the practice of the Federal courts to follow the decisions of the State courts in passing upon State laws. The case under consideration involves rights or liabilities growing out of the United States constitution and the laws of the United States. Should this court in the present case follow the decisions of the Federal courts or the decisions of the other State courts? Unless it clearly appears that the Federal court decisions are wrong, we should follow their construction of the law.

The only cases decided by Federal courts which pass upon the question now under consideration are Smith's case, 3 McLean, 121, and Doo Woon's case, 18 Federal Reporter, 898. Mr. Abbott, in his Digest of Federal Decisions, states the law to be that the warrant must set forth the indictment or information upon which it is based. Where the offense is well known as a common law offense, we know what are the necessary allega-

tions to charge the offense; and in all cases the courts should be enabled to say whether or not the facts complained of are criminal. The court can only know what facts are charged against a person by an inspection of the "charge." All presumptions are in favor of innocence and the liberty of the citizen. If this is so, the court should quash the executive warrant and discharge the appellant. (People ex rel. Lawrence v. Brady, 56 N. Y., 182.)

Upon the second ground of the exception to the return of the sheriff, we think the court erred. There can be no doubt that the law requires the accompanying affidavit or indictment to be certified as authentic by the Governor of the demanding State, and that the warrant must so state. (Thornton's case, 9 Texas, 646.) In the case at bar it is true the warrant states that the affidavit is "*duly* certified as authentic." Does "duly certified as authentic" mean the same thing as "certified according to law?" We know that this court has held that the recital that the jury was "duly sworn" means the same as "sworn according to law;" but the rule of construction applicable to minutes of courts is not applicable to processes of arrest. And we desire to call the court's attention to this—that court records are made up under the direction of the court—and the warrant of arrest in this case is issued, not by a judicial officer, but simply by the Governor upon demand of the Governor of another State. The verity that the record of a court imports upon its face does not attach to a warrant of arrest.

A process of arrest must be sufficient upon its face. Suppose the warrant had simply recited that the Governor of California had, in compliance with law, demanded the arrest of the appellant, and therefore the Governor issues this warrant, could we say that the copy of the affidavit was furnished and certified by the Governor or chief magistrate as authentic? We hardly think so. If the Governor was acting as a judge, the presumption would be in favor of the position that the law had been complied with; but in no sense is the Governor a judge. So we earnestly insist that the warrant of arrest is insufficient, because it does not state that the demand was accompanied by a copy of the affidavit, certified to be authentic by the Governor or chief magistrate of the State of California.

Upon the third and fourth grounds of the exception to the return of the sheriff, we think the court erred in holding that the recitals in the Governor's warrant state facts which clearly

and unmistakably show that the appellant was a fugitive from justice from the State of California to the State of Texas. Let us examine the warrant and see what it does state. It states he is charged with crime by affidavit in the State of California; that he has taken refuge in the State of Texas, and that his arrest has been demanded. In other parts of the warrant appellant is described as a fugitive, and this is all. Now do these recitals show flight from justice? They do not. They show the pending of a charge of crime, and perhaps a taking of refuge, but do not even state that the refuge is taken to avoid the justice of California. It is not the concern of this court what was intended to be said, but what was said in the warrant. Flight is a jurisdictional fact, and it must be flight from justice.

It seems to us that the court has construed this warrant of arrest in the same way and by the rules that an act of the Legislature is construed. The same rule of construction does not apply. In the first place, the courts strive to ascertain the intent of the law-making power, and then to construe the law accordingly. But with a process of arrest, the rule is, that it must be sufficient upon its face. (Jackson's case, 2 Flippin, 183.) It must be certain in its terms, and of undoubtful meaning. Should a party in resisting arrest slay an officer acting under an illegal warrant—that is, a warrant not showing its own authority—it would be the same as if the officer was acting without warrant. From what thing or fear has appellant taken refuge in the State of Texas ? You can not determine from the recitals in the warrant. It does not state that appellant took refuge in this State *by reason* of his being charged with crime in California, nor that it was to avoid being prosecuted therefor. If flight can only be determined by implication, it being a jurisdictional and indispensible fact, then the warrant should be held insufficient. (Clark's case, 2 Flippin, 183; Spear on Extradition, 466; Id., 290, 382, 420, 490, 497.)

Again, we beg to call to the attention of the court the last ground of the exception to the return, viz: that the warrant does not show that obtaining money under false pretenses is punishable by the laws of California. Had the warrant of arrest recited that appellant had been *indicted,* the presumption would be that it was and is a crime, but the same presumption does not attach to an affidavit. The rule is, if the crime is a common law offense it will be sufficient to designate it by its technical name, but if it be a statutory offense, unknown to the

common law, there must be in the executive warrant a statement that the offense complained of is punishable by the law of the demanding State. (Spear on Extradition, 371, et seq.)

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. Appellant was arrested by virtue of the following warrant issued by the Governor of Texas, to wit:

"The State of Texas. To all and singular, the sheriffs, constables and other civil officers of said State:

"Whereas, it has been made known to me by the Governor of the State of California, that William H. M. Stanley and Bertha Stanley stand charged by affidavit before the proper authorities with the crime of obtaining money under false pretenses, committed in said State, and that the said defendant has taken refuge in the State of Texas; and whereas, the said governor, in pursuance of the Constitution and laws of the United States, has demanded of me that I cause the said fugitives to be arrested and delivered to James W. Gillin and John Parrott, who are, as is satisfactorily shown, duly authorized to receive them into custody and convey them back to said State; and whereas, said demand is accompanied by a copy of said affidavit, duly certified as authentic, now, therefore, I, L. S. Ross, Governor of the State of Texas, by virtue of the authority vested in me by the Constitution and laws of this State, and of the United States, do issue this my warrant, commanding all sheriffs, constables and other civil officers of this State to arrest, and aid and assist in arresting, said fugitives, and deliver them, when arrested, to the said agents, in order that they may be taken back to said State, to be dealt with for said crime. In testimony whereof," etc.

Appellant applied to the Hon. George H. Noonan, judge of the thirty-seventh judicial district, for the writ of habeas corpus, which was granted by said judge, and was heard by him in term time, and appellant was remanded to the custody of respondent, the sheriff of Bexar county, who had him arrested by virtue of said warrant. From said judgment appellant has prosecuted this appeal.

Appellant insists that he should be discharged upon the following grounds:

"1. Because the warrant of arrest does not set out the pre-

tended affidavit upon which the demand of the Governor of the
State of California upon the Governor of Texas is based.

"2. The warrant of arrest does not state that it is based upon
an affidavit certified to be authentic by the Governor of Cali-
fornia.

"3. The warrant of arrest does not show that applicant fled
from the State of California, nor does it show that applicant has
fled from the justice of the State of California.

"4. The warrant of arrest does not state that the applicant
has fled to the State of Texas, or has taken refuge in the State of
Texas.

"5. The warrant of arrest does not state or show that obtain-
ing money under false pretenses is punishable by law in the
State of California."

We will dispose of these grounds in the order in which they
are presented:

1. It was essential to the validity of the warrant that it
should set out in full, or be accompanied by, the indictment or
affidavit upon which it is based.    (Nichols v. Cornelius, 7 Ind.,
611; Robinson v. Flanders, 29 Ind., 10; The People v. Pinkerton,
77 N. Y., 245; The People v. Donahue, 84 N. Y., 438.) In ex
parte Thornton, 9 Texas, 635, this question is referred to, and
while the court did not decide it, it intimated that the indict-
ment or affidavit should be set out in full in the warrant, citing
Clark's case, 9 Wend., 212, and Smith's case, 3 McLean, 121.
Upon examination of those cases, we do not understand either
of them as supporting the view intimated by the court in Thorn-
ton's case.

Mr. Church, in his work on Habeas Corpus, says: "A war-
rant for the arrest and return of a fugitive criminal, must recite
or set forth the evidence necessary to authorize the State execu-
tive to issue it; and, unless it does, it is illegal and void." He
cites in support of his text Doo Woon's case, reported in 18
Federal Reports, 898.    That case fully supports the text, and
cites as authority Smith's case, 3 McLean, 121, and Thornton's
case, 9 Texas, 635.    In Woon's case, the warrant neither recited
nor set forth the evidence upon which it was issued, and for that
reason was held invalid.

In the case we are considering, the warrant recites, but does
not set forth in full, the affidavit upon which it is issued.    We
have found no decision or authority which requires that the
warrant should set forth the evidence in full, except the intima-

tion referred to in Thornton's case. The correct rule is, we think, laid down in Donohue's case, 84 New York, 438, in a syllabus as follows: "Where the papers upon which a warrant of extradition is issued are withheld by the executive, the warrant itself can only be looked to for the evidence that the essential conditions of its issuance have been complied with, and it is sufficient if it recites what the law requires."

The second ground is not, we think, a substantial one. The warrant states that the demand of the Governor of California for the fugitives was "accompanied by a copy of said affidavit, duly certified as authentic." It would have been a literal compliance with the statute if it had stated that said copy was certified as authentic by the governor of the State of California. But the statement that it was "duly certified as authentic" must mean that it was certified according to law; that is, that it was certified by the governor or chief magistrate of the State of California, as it could not have been *duly* certified by any other authority. (Rev. Stat. United States, art. 5278.)

The third and fourth grounds are, we think, untenable. While there is no direct statement in the warrant that the appellant fled from the State of California or from the justice of that State, to the State of Texas, and had taken refuge in the latter State, it states facts which clearly and unmistakably show that he was a fugitive from justice from the State of California to the State of Texas, within the meaning of the Constitution and the Statute. (Spear on Extradition, 273.)

The fifth and last ground is not a valid one. It is not required that the warrant should show that the crime charged in the indictment or affidavit is a crime by the law of the demanding State. (Spear on Extradition, 287 et seq.)

We are of the opinion that the warrant is in substantial compliance with the statute. No form for such a warrant is prescribed by law, and when it shows upon its face, with reasonable certainty, as does the warrant in question, that the essential prerequisites to its issuance have been complied with, it must be held prima facie valid.

It appears by a bill of exception that the respondent, over the objection of the applicant, read in evidence a copy of an affidavit made in California, charging applicant with obtaining money under false pretenses. This affidavit was not a part of the respondent's return; was not attached to or accompanying the warrant; was not authenticated as evidence; was not shown

or claimed to be the evidence upon which the warrant was issued. It was error to admit it in evidence, but error which can not operate to discharge the applicant.

The judgment appealed from is in all things affirmed, and it is adjudged that the appellant pay the costs of this appeal.

*Affirmed.*