## EX PARTE GEORGE T. WELLS.

### No. 11381. Delivered October 19, 1927.

**1.—Habeas Corpus—Extradition—May Issue—On Complaint.**

Under the terms of the Federal Constitution and the acts of Congress and of this state, an executive warrant may issue in this state, where a complaint is presented to the Governor charging a fugitive with an offense of treason, felony or other crime, certified as authentic by the Governor of the demanding state, and this though the offense be a misdemeanor. See Ex Parte Bergman, 60 Tex. Crim. Rep. 8.

**2.—Same—Sufficiency of Warrant—Presumption of Regularity—Rule Stated.**

While it cannot be doubted that this court is authorized to go behind an executive warrant in order to examine and review the grounds upon which the Governor may have acted, when the warrant recites that the demand for the warrant "is accompanied by a copy of said complaint and warrant duly certified as authentic by the Governor of said state," such recitals have been held conclusive in habeas corpus hearings when not disputed. See Ex Parte Bergman, 85 Tex. Crim. Rep. 307.

**3.—Same—Continued.**

It will be always presumed, in the absence of a showing to the contrary, that the action of the Governor in issuing his executive warrant was upon proper and legal requisition, and that the Governor performed his duty legally. See Hyatt v. People, 188 U. S. 691.

Appeal from the District Court of Howard County. Tried below before the Hon. Fritz R. Smith, Judge.

Appeal from an order remanding relator under a warrant and extradition papers. Relator remanded.

The opinion states the case.

*Cunninghams,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—Appellant made application for a writ of habeas corpus before the District Court of Howard County, alleging that he was illegally restrained of his liberty by Ed Long, city marshal. Upon the trial respondent produced relator and answered that he held him upon instructions from J. M. Barker, sheriff of Kay County, Oklahoma, who telegraphed respondent that he held a felony warrant and extradition papers for relator, and that the said Barker's deputy had arrived with extradition papers from the Governor of Texas in legal and proper form, authorizing him to take into his possession the said relator and return him to Kay County, Oklahoma.

A full hearing was given relator by the said District Court and upon the facts developed appellant contends, as we understand: (1) Where a complaint only has been made charging an offense, there having been neither an indictment nor a conviction, an extradition warrant cannot legally issue. (2) The complaint charging the relator with an offense in Oklahoma showing affirmatively to have been a different offense from that set out in the extradition warrant issued by the Governor of Texas, such warrant was unauthorized and relator is entitled to his discharge.

By the express terms of the Federal statute, the Governor of any state is authorized to issue an executive warrant for the arrest of a fugitive *where an affidavit* has been made before a magistrate of any state or territory charging the person demanded with having committed treason, felony or *other crime,* certified as authentic by the Governor or Chief Magistrate of the state or territory from which the person so charged has fled. Such was the effect of the holding in Ex Parte Bergman, 60 Tex. Crim. Rep. 8. We think there is no doubt under the terms of the Federal Constitution and the acts of Congress and of this state, which were enacted in aid and furtherance of the provisions of the Federal Constitution, that an executive warrant may legally issue in this state where a complaint is presented to the Governor charging a fugitive with an offense certified as authentic by the Governor of the demanding state, and this even though the offense be a misdemeanor. Ex Parte Bergman, 60 Tex. Crim. Rep. 8.

Regarding the second contention of relator, above stated, it cannot be doubted that this court is authorized to go behind an executive warrant in order to examine and review the grounds upon which the Governor may have acted. Ex Parte Cheatham, 50 Tex. Crim. Rep. 53; Ex Parte Jowell, 223 S. W. 456. However, it nowhere appears in the statement of facts what, if any, complaint was before the Governor of Texas when he issued his executive warrant for the arrest of relator, nor upon what evidence he acted in issuing such warrant. The warrant itself was introduced in evidence and recites on its face that relator stands charged by complaint and warrant with the crime of uttering and passing a forged check, recites a demand by the Governor of Oklahoma for the arrest of relator, and that said demand "is accompanied by copy of said complaint and warrant duly certified as authentic by the Governor of said state." This warrant appears to have been in proper and legal form and complies with the requisites set out in Ex

Parte Denning, 50 Tex. Crim. Rep. 629. Under all the authorities its introduction made out a prima facie case for respondent. Ex Parte Haynes, 98 Tex. Crim. Rep. 609, and authorities therein cited. Recitals of this character have been held conclusive in habeas corpus hearings when not disputed. Ex Parte Bergman, 60 Tex. Crim. Rep. 14, citing Ex Parte Lewis, 79 Cal. 95.

Presumptions against the legality of the acts of governmental agencies will not be indulged by the courts. The burden was upon relator to show that the demand of the Governor of Oklahoma upon the Governor of Texas was not accompanied by a copy of the complaint duly certified as the law requires. Ex Parte Nix, 85 Tex. Crim. Rep. 307. It will always be presumed, in the absence of a showing to the contrary, that the action of the Governor in issuing his executive warrant was upon proper and legal requisition and that the Governor performed his duty legally. Hyatt v. People, 188 U. S. 691.

The relator testified to facts showing his innocence of any crime in Oklahoma, and especially of the crime recited in the extradition warrant, but the question of his guilt or innocence cannot be tried in a proceeding of this character. Ex Parte Hancock, 75 Tex. Crim. Rep. 71; Ex Parte Brown, 77 Tex. Crim. Rep. 312.

It is further suggested that this is merely an attempt to collect a debt by the complaining party in Oklahoma, but this is a matter that should be addressed to the executive department of the state. It has been stated: "There is no satisfactory reason why a Governor should issue a warrant where he is satisfied that the sole object of the party complaining is to collect a debt." 25 C. J. 267.

Some suggestion is made in the record that relator will be taken back by the deputy of the agent designated by the Governor of Oklahoma. We are not able to perceive how this could affect the validity of his arrest or why it would entitle him to a discharge.

The judgment remanding relator is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.