# OCTOBER 12, 1938

Ex parte William T. Anderson, *alias* Theodore Anderson.

No. 19964.   Delivered October 12, 1938.

The opinion states the case.

*Baskett & Parks*, of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was arrested and held in custody by the sheriff of Dallas County, under and by virtue of an extradition warrant issued by the Governor of this State. He applied to the Hon. Henry King, judge of the district court of Dallas County, for a writ of habeas corpus and prayed that upon a final hearing thereof, he be discharged. At the hearing, the State offered Ralph L. Sibbet as a witness who testified that he was appointed by the Governor of the State of Minnesota as the special agent to receive appellant from the authorities of the State of Texas and take him back to that State. He produced a copy of his commission; a copy of a complaint sworn to by one Peter Revsbeck before a judge of a municipal court in the City of Minneapolis; a copy of a warrant issued by said judge ordering appellant's arrest; an affidavit made by Revsbeck stating the facts and circumstances surrounding the commission of the offense charged in the complaint; a copy of the application by the Hon. E. J. Goff, county attorney of Hennapin County, Minnesota, addressed to the Governor of that State requesting that a requisition warrant be issued for the extradition of appellant. He also produced a copy of a certificate made by the acting Secretary of the State of Minnesota, certifying that said documents were authentic. He testified that he brought all of the original papers issued by the various authorities of the State of Minnesota with him and presented them to the Governor of this State who then issued the extradition warrant. He further testified that the copies were copies of all the original papers, and these copies, together with the warrant issued by the Governor of this State, were then offered in evidence.

The only question presented by the record necessary for us to discuss is appellant's contention that the executive warrant was issued by the Governor of this State without legal basis since there was no formal demand by the Governor of Minnesota for the extradition of appellant.

Article 4, Sec. 2, of the Federal Constitution provides, among other things, as follows: "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

Art. 10126 (R. S. 5278) U. S. Compiled Statutes, provides: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive

authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory."

It seems to be the rule that the duties of the chief executives of the respective States in extradition proceedings must be strictly followed and adhered to as prescribed by the Constitution and the Federal statute enacted in aid thereof.

In the case of State v. Richardson, 34 Minn. 115, the court makes a concise statement of the necessary prerequisites to the issuance of an extradition warrant. "In order to give the executive of the State jurisdiction to issue his warrant for the surrender of an alleged fugitive from justice, upon the requisition of the Governor of another State, three things are essential under the act of Congress—: (1) He must be demanded by the executive of the State from which he fled; (2) a copy of an indictment found, or an affidavit made before a magistrate, charging him with having committed the crime specified; (3) such copy of the indictment or affidavit must accompany the requisition, and be certified as authentic by the executive of such State. If these requisites are complied with, a warrant of surrender may properly be issued, and the party charged is properly restrained of his liberty."

It necessarily follows that if the requisites are not complied with, a warrant of surrender could not legally be issued and the party arrested is illegally restrained. See 112 A. S. R. 110; 11 Ruling Case Law, Par. 9, p. 719; In re Foye, 21 Washington 250; 57 Pac. 825.

In the instant case, the proof offered before the court below shows no demand by the executive of the State of Minnesota;

nor is there a certificate by him certifying that the complaint charging appellant with the commission of the crime is authentic. Therefore under the authorities cited, the Governor's warrant was void.

In connection with the question here presented, it may not be improper to touch upon the power and authority of the courts, in interstate rendition proceedings, to review by habeas corpus the act of the Governor of an asylum State. Scott on "The Law of Interstate Rendition" states the rule to be as follows:

"The authorities are practically unanimous in upholding this right, and the courts may, with perfect freedom, overrule the action of the Governor in issuing his warrant of rendition for the alleged fugitive from justice if the law and the facts do not justify him in so doing." See p. 235.

In the case of Ex parte Cheatham, 95 S. W. 1077, this Court speaking through Judge HENDERSON said: "We can not assent to the claim that the act of the executive in granting an extradition warrant can not be inquired into. The removal of a person from this State for whom the writ of extradition has been granted is summary in its character, and the provisions of the act of Congress must be strictly complied with." See also Ex parte Smith, 3 McLean 121.

Therefore it would seem that the courts have the power to inquire into and determine whether the Governor, in issuing the warrant, strictly complied with the Constitution and the act of Congress relating to extradition proceedings.

We are not unmindful of the fact that when the Governor of a State issues an extradition warrant, which upon its face appears regular, the presumption obtains that all necessary prerequisites prescribed by the Constitution and the act of Congress have been complied with, but this may be rebutted and overcome by proof, the burden of which rests upon the relator.

The proof offered in the instant case shows the want of two essentials, namely: (1) A requisition by the Governor of the demanding State, and (2) a certificate that the complaint and other documents were authentic. Consequently a proper predicate did not exist for the Governor of this State in issuing the extradition warrant and it was therefore void. Hence appellant's arrest and detention was illegal and he was entitled to be discharged.

It is therefore ordered that the judgment of the trial court be, and the same is, reversed and appellant ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.