EX PARTE G. C. BERRY.

No. 20937. Delivered February 28, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

This is an appeal from an order of the Hon. Nat. W. Brooks, Judge of the Special District Court of Smith County, refusing to discharge relator under writ of habeas corpus. The record is before us without a statement of facts. It appears, however, that appellant was arrested by the Sheriff of Smith County, under and by virtue of an extradition warrant issued by the Governor of this State. Appellant applied to the judge of the above named Court for a writ of habeas corpus and alleged in his application that he was being illegally restrained of his liberty by the sheriff and prayed that upon a hearing thereof he be discharged. The writ was issued as prayed for and upon a hearing thereof, it was shown that on the 11th day of August, 1939, the Governor of this State issued his executive warrant. The warrant, upon its face appears to be in due and proper form. It shows that appellant is charged by affidavit and warrant with the crime of false pretenses, an offense against the laws of the State of Arkansas. That a demand for his arrest and surrender was made by the Governor of Arkansas upon the Governor of Texas, said demand being accompanied by copy of the affidavit, duly certified by the Governor of Arkansas as authentic. Insofar as this record shows, appellant did not challenge the correctness or authenticity of the Executive Warrant of the Governor of this State, or offer any evidence to convert its recitals. It appears to be the uniform holding of this court, in the absence of a showing to the contrary, that it will be presumed that the action of the Governor in issuing his executive warrant, if sufficient on its face, was upon proper and legal requisition, and that the Governor performed his duty in accordance with the law. In Ex Parte Hall,

284 S. W., 550, 551, the rule is stated as follows: "It seems to be a well-settled doctrine in this state that when the Governor issues a warrant for a fugitive from justice upon requisition from the Governor of another state, same is prima facie evidence, in a habeas corpus proceeding, that the fugitive should be returned to the demanding state, and that it devolves upon him to show by testimony that such writ was wrongfully issued. Ex Parte Carroll, 86 Tex. Cr. R., 301, 217 S. W., 382, 8 A. L. R., 901; Ex parte White, 39 Tex. Cr. R. 497, 46 S. W., 639; Ex parte Hatfield, 90 Tex. Cr. R. 293, 235 S. W., 591."

Other authorities to the same effect are Ex parte Yawman, 113 Tex. Cr. R., 20, Hyatt v. People of N. Y. Ex rel Corkran, 188 U. S., 691, 47 Law Ed., 657; Ex parte Gordon, 37 S. W. (2d), 1023; Ex parte Wells, 108 Tex. Cr. R., 57, 298 S. W., 904; Ex parte Haynes, 98 Tex. Cr. R. 609, 267 S. W., 490; Ex parte Gradington, 89 Tex. Cr., 432, 231 S. W., 781; Ex parte Nix, 212 S. W., 507.

It follows from what we have said that the judgment of the trial court should be affirmed and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

Appellant has filed a formal motion for rehearing in which he states that the judgment of affirmance herein is contrary to the law. We think the original opinion properly disposed of all questions raised by the appeal.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.