EX PARTE HARRY YOUNG NOBLE.

No. 23595. Delivered November 27, 1946.
Rehearing Denied (Without Written Opinion) January 29, 1947.

*Rogers, Spurlock & Love,* of Fort Worth, for appellant.

*Alfred M. Clyde,* Criminal District Attorney, and *Ardell M. Young,* and *W. E. Myres,* Assistant Criminal Attorney, all of Fort Worth, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an extradition proceeding.

Upon the requisition of the Governor of the State of Oklahoma, the Governor of this State issued his executive warrant authorizing the arrest, delivery, and return of relator to the State of Oklahoma to answer a charge of grand larceny.

Relator was, by virtue of the executive warrant, arrested by the sheriff of Tarrant County and thereafter, by writ of habeas corpus before the criminal district court of said county, sought his outright discharge. After a hearing, the relief prayed for was denied, and from that order this appeal has been perfected.

To sustain the arrest, respondent offered in evidence and relies alone upon the executive warrant, the material provisions of which are as follows:

"WHEREAS, It has been made known to me by the Governor of the State of OKLAHOMA *that* HARRY NOBLE, alias RAY NOBLE, alias HARRY VAUGHT stands charged by PRELIMINARY INFORMATION, AFFIDAVIT, WARRANT AND OTHER PAPERS before the proper authorities and that the said defendant has taken refuge in the State of Texas, and Whereas the said Governor, in pursuance of the Constitution and Laws of the United States, has demanded that I cause the said fugitive to be arrested and delivered to DAN KEAN who IS as is satisfactorily shown, duly authorized to receive HARRY NOBLE into custody and convey HARRY NOBLE *back* to said State, and Whereas, said demand is accompanied by copy of said PRELIMINARY INFORMATION, AFFIDAVIT, WARRANT AND OTHER PAPERS duly certified as authentic by the Governor of said State * * *."

The requisition of the Governor of Oklahoma and the accompanying papers were not offered in evidence.

It appears now to be well established that in an extradition proceeding the executive warrant of the Governor of the asylum State is prima facie evidence of the existence of every fact which that executive was obliged to determine before issuing it. See: Ex Parte Nix, 85 Tex. Cr. R. 307, 212 S. W. 507; Ex Parte Carroll, 86 Tex. Cr. R. 301, 217 S. W. 382; Hyatt v. New York, 188 U. S. 691, 47 L. Ed. 657, 23 S. Ct. 456; Roberts v. Reilly, 116 U. S. 80, 29 L. Ed. 544, 6 S. Ct. 291; 22 Am. Jur., p. 290, Sec. 52; p. 289, Sec. 51, Note 10.

Relator insists that the invalidity of the executive warrant is apparent from the face thereof, in that it does not appear therefrom that the relator stands charged in the State of Oklahoma by indictment or affidavit before a magistrate, as required by the Federal statute. Sec. 662, Title 18, U. S. C. A.

Extradition not being authorized in this State where the accusation in the demanding State is by information, the instant warrant must be tested upon the words found therein, viz., "charged by * * AFFIDAVIT * * * before the proper authorities, with the crime of GRAND LARCENY * * *."

It is relator's position that the words "before the proper authorities" does not meet the requirements of the Federal

statute that the affidavit must be "made before a Magistrate." In other words, it is his contention that where the accusation in the demanding State is by affidavit, the executive warrant of the asylum State must state that the affidavit was "made before a Magistrate."

To agree with relator's contention would necessitate overruling not only the prima facie rule above referred to but also the presumption which follows—ordinarily, the correctness of the executive finding. If the affidavit relied upon as the basis for the extradition was not, in fact, made before a magistrate, the burden was upon the relator to so show. There is nothing in this record indicating that the affidavit was not so made.

The conclusion is expressed, therefore, that the executive warrant was sufficient upon its face to show that the requirements of the Federal statute had been complied with in the issuance thereof.

In support of the conclusions herein expressed, see: Ex Parte Stanley, 25 Tex. App. 372, 8 S. W. 645; Ex Parte Gordon, 118 Tex. Cr. R. 150, 37 S. W. (2d) 1023; Ex Parte Cupp, 129 Tex. Cr. R. 25, 84 S. W. (2d) 731; Ex Parte Yawman, 113 Tex. Cr. R. 20, 18 S. W. (2d) 647; Ex Parte Haynes, 98 Tex. Cr. R. 609, 267 S. W. 490.

From what has been said, it follows that the judgment of the trial court is affirmed.

Opinion approved by the Court.