## EX PARTE W. E. NORRIS.

No. 24689. December 14, 1949.

*Russell A. Bonham, John G. Cramer,* and *John Carrigan,* all of Houston, for relator.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Relator sued out a writ of habeas corpus alleging that he was illegally held by the sheriff of Harris County under a warrant of the Governor of Texas granting a writ of extradition from the Governor of California alleging that relator was a fugitive from justice from said state.

Upon the granting of such writ and the warrant of the Governor of Texas, the relator was remanded to the representative of the Governor of California to be taken there to answer to the crime of grand theft by an order of the district judge of Harris County, from which order relator appeals.

There are two bills of exception in the record. Bill No. 1 complains of the insufficiency of the record to show certain papers to be presented in the request from California; and Bill No. 2 complains of the trial judge's action in striking from the record an effort upon the part of the relator to state the contents of what was denominated in such writ as "said demand is accompanied by copy of said complaint and supporting papers duly certified as authentic by the Governor of said State."

Appellant testified that he was present at the hearing before the Governor of Texas, and that such papers were examined by him; and when asked the character and kind of such papers, he said the complaint was signed by Glenn L. Lewis and a notary public, at which point in the examination the state objected to such witness detailing the contents of such papers, the papers themselves being the best evidence; and upon proper motion such testimony was stricken from the record. This is not found in the statement of facts, but same does appear in Bill of Exceptions No. 2. The desired papers were evidently not present at this trial and therefore could not be produced thereat.

We have heretofore held that the warrant of the executive of the asylum state is prima facie evidence of the existence of every fact which that executive was obliged to determine before issuing it. See Ex parte Noble, 151 Tex. Cr. R. 1, 198 S. W. (2d) 893, and cases there cited. Again, that case holds that the phrase "by affidavit" is sufficient without going further and using the words "before a magistrate"; that such phrase "by affidavit" fulfills the requirement of 18 U. S. C. A., sec. 662. [Now sec. 3181]. It is here noted that this Governor's warrant uses the word "complaint" and under our decisions the word "complaint" is synonymous with the word "affidavit" in

all executive warrants for the return of fugitives from justice. See Ex parte Combs, 132 Tex. Cr. R. 500, 105 S. W. (2d) 1096.

The executive warrant makes a prima facie case that all the statements therein relative to what the writ shows are true and the burden of showing them to be false rests on the relator in a habeas corpus proceeding. The testimony of the accused alone is not sufficient to overcome such prima facie presumption. See Ex parte Gibson, 149 Tex. Cr. R. 543, 197 S. W. (2d) 109; Ex parte Southard, 104 Tex. Cr. R. 14, 282 S. W. 223; Ex parte Hatfield, 90 Tex. Cr. R. 293, 235 S. W. 591.

The objection made and sustained as to what was shown in the complaint on file with the Governor as offered by relator was clearly hearsay, the papers themselves being the best evidence of what they contained. If relator desired the production of such papers, he should have asked for a postponement of this matter until same could have been produced in this hearing. The record is silent upon such matter.

Relator now asks this court to discharge him in the face of this prima facie evidence of a complaint; or that we remand this cause so that he may produce by subpoena or otherwise, the complaint and supporting papers. We know of no such approved procedure.

We think that it is not necessary that the Governor's warrant should set forth a certified copy of the complaint or affidavit. See Branch's Ann. Tex. P. C., p. 154, sec. 247.

If the papers upon which the warrant is issued are withheld by the Governor, the warrant itself can only be looked to for the evidence that the essential conditions of its issuance have been complied with, and such warrant is sufficient on its face if it recites what the law requires. Eee Ex parte Stanley, 25 Tex. App. 372, 8 S. W. 645, 8 Amer. St. Rep. 440.

The judgment of the trial court is affirmed.