EX PARTE CLETES CARL CLARK

No. 28,229. April 11, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 23, 1956.

*Duke & Melton,* by *W. J. Duke,* and *Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* District Attorney, *Harvey Lindsey,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an extradition case.

On November 18, 1955, appellant (relator in district court) made application to Hon. J. Frank Wilson, Judge of Criminal District Court of Dallas County, for writ of habeas corpus, alleging that he was illegally restrained of his liberty by the sheriff of Dallas County and others, the nature of the restraint being "Inv. of being a fugitive from the State of Minn."

The writ was granted and hearing was had on the same day. The appeal is from the order remanding appellant to the custody of the sheriff to be delivered to Gordon Kramer, Agent for the State of Minnesota, to be returned to that state.

Reversal of the order of Judge Wilson is sought upon the ground that the state failed to prove at the hearing that this appellant is or was a fugitive from justice.

At the hearing the state introduced without objection warrant issued by the Governor of Texas dated November 15, 1955, granting the demand of the Governor of the State of Minnesota

and ordering the arrest of Cletes C. Clark and his delivery to Gordon Kramer, Agent of the State of Minnesota, for return to that state where he was charged by complaint and other papers with the crime of forgery in second degree.

The executive warrant recites that the demand of the Governor of Minnesota was made in pursuance of the Constitution and Laws of the United States and that appellant had taken refuge in this state.

At the habeas corpus hearing Gordon Kramer testified that he was a detective with the St. Paul, Minnesota, Police Department, and identified appellant as Cletes C. Clark who stood charged with forgery in the second degree in the state of Minnesota. He testified further that he was commissioned by the Governor of Minnesota as agent to take into custody "the Relator, Cletes C. Clark" for such offense, and return him to the state of Minnesota.

The foregoing evidence was offered and admitted without objection, and is deemed sufficient to sustain the trial court's order remanding appellant to custody for extradition under the Governor's warrant.

The judgment is affirmed.

DAVIDSON, Judge, dissenting:

To meet the burden resting upon it to show that appellant (relator) was legally held in custody and was to be extradited, the state (respondent) offered in evidence, and relied solely thereupon, the executive warrant of the Governor of Texas, which reads as follows:

"In The Name And By The Authority Of

"(Seal)

"THE STATE OF TEXAS

"Executive Department

"To All and Singular the Sheriffs, Constables, and Other Civil Officers of said State:

"WHEREAS, It has been made known to me by the Gov-

ernor of the State of MINNESOTA that CLETUS (sic) C. CLARK stands charged by COMPLAINT AND OTHER PAPERS before the proper authorities with the crime of FORGERY IN SECOND DEGREE committed in said State and that the said defendant has taken refuge in the State of Texas, and Whereas, the said Governor, in pursuance of the Constitution and Laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to GORDON KRAMER, who is, as is satisfactorily shown, duly authorized to receive CLETUS C. CLARK into custody and convey CLETUS C. CLARK back to said State, and Whereas, said demand is accompanied by copy of said COMPLAINT AND OTHER PAPERS duly certified as authentic by the Governor of said State.

"NOW, THEREFORE, I, ALLAN SHIVERS, Governor of Texas, by virtue of the authority vested in me by the Constitution and Laws of this State, and the United States, do issue this my Warrant commanding all Sheriffs, Constables, and other Civil Officers of this State, to arrest and aid and assist in arresting said fugitive and to deliver CLETUS C. CLARK, when arrested, to the said agent in order that CLETUS C. CLARK may be taken back to said State to be dealt with for said crime.

"IN TESTIMONY WHEREOF, I have hereunto signed my name and have caused the Seal of State to be hereon impressed, at Austin, Texas, this 15th day of November, A.D. 1955."

(Seal)    "(Signed)  ALLAN SHIVERS

"By the Governor.    Governor

"TOM REAVLEY

"Secretary of State."

My brethren hold that such warrant was sufficient upon its face and that it therefore constituted prima facie proof sustaining the trial court in remanding appellant for extradition to the state of Minnesota.

To that conclusion I do not agree.

The executive warrant does not meet the demands of the laws of this state.

The sufficiency of the warrant must be tested by the law, as it presently exists in this state under the Uniform Criminal Extradition Act (Art. 1008a, Vernon's C.C.P.).

The first requirement for extradition is that a demand be made by the governor of the demanding state upon the governor of the asylum state. What are the requisites for such a demand? Sec. 3 of the act furnishes the answer.

The charge against appellant in the demanding state not being one arising under Sec. 6 of the act, the demand, in order to be sufficient, must evidence the following, viz.:

(1) That the accused was in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state.

(2) A copy of the indictment, affidavit, judgment, or sentence accompanying the application.

(3) The indictment, information, or affidavit substantially charging the alleged fugitive with having committed a crime under the laws of the demanding state.

(4) The copy of the indictment, information, judgment, or sentence authenticated by the executive authority making the demand.

(5) Copies of all the instruments mentioned in duplicate, one complete set of which is to be delivered to the defendant or his attorney.

All the foregoing requirements are jurisdictional and, of necessity, must be complied with in order for the governor to lawfully grant the extradition.

How, then, can this court determine whether appellant should be extradited unless we have before us proof of the fact that he is "substantially" charged with a crime in the demanding state? Obviously, we cannot.

So much for the requisites of the demand for extradition!

Now, what are the requisites for a valid warrant? Sec. 7 of the act furnishes the answer. In plain and unmistakable language, that section says that the warrant—that is, the warrant of extradition—"must substantially recite the facts necessary to the validity of its issuance."

In no particular does the instant warrant attempt to comply with that mandate of the legislature. Upon its face, the warrant is fatally defective because of its failure to meet that demand.

So, then, when my brethren affirm this case they do so upon a warrant which, upon its face, is fatally defective. That such a warrant could furnish the necessary proof to extradite the appellant is beyond my comprehension.

The views here expressed are those which I have entertained since the passage of the Uniform Criminal Extradition Act, which superseded all prior legislation upon the subject of extradition. I had occasion to express these views while a commissioner of this court. In 1954, Judge Graves, of the court, agreed with my views and adopted them as a part of his dissenting opinion in the case of Ex parte Parkinson, 160 Tex. Cr. R. 369, 271 S.W. 2d 638.

The executive warrant was not sufficient to authorize appellant's arrest. Surely it cannot be said that it furnishes the proof necessary to warrant his extradition.

I respectfully dissent from the affirmance of this case.