Ex parte Thomas Elroy LOWE.

No. 41807.

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

Daniel H. Johnston, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order of the 180th District Court of Harris County remanding appellant to the custody of the sheriff of said county for delivery to an agent of the State of Ohio.

Appellant did not testify or offer any evidence at the hearing.

The sole contention is that the Executive Warrant fails to recite that appellant was in the State of Ohio at the time of the commission of the offense. The Warrant recites that appellant stands charged "with the crime of Armed Robbery and Shooting to Wound in violation of Section 2901.13 and 2901.23, Ohio Rev.Code *committed in said State* and that the said defendant has taken refuge in the State of Texas". This is in the same terms which the opinion on rehearing in Ex parte Parkinson, 160 Tex.Cr.R. 369, 271 S.W.2d 638, held to be sufficient to make out a prima facie case.

Appellant cites no case in which this or any other Court has held contrary to our holding in Ex parte Parkinson, supra, and we know of none. See also Ex parte Arrington, 270 S.W.2d 39 (Mo.Sup.Ct.).

In Fenton v. State, 91 Idaho 149, 417 P.2d 415, the Supreme Court of Idaho said:

"The criminal complaint charges appellant with a crime committed in the State of Nevada, which crime could not have been committed by him except by his being present in the State of Nevada. The requisition papers show presence within the demanding state at the time of commission of the crime where they show on their face a crime

has been charged, the nature of which requires presence for commission."

We find ourselves in agreement with the above pronouncement.

The judgment remanding appellant to custody for extradition is affirmed.

DOUGLAS J., not participating.