**Ex parte Dewayne Donnel WILLIAMS.**

**No. 09–81–001–CR.**

Court of Appeals of Texas,
Beaumont.

Sept. 30, 1981.

Rehearing Denied Oct. 22, 1981.

Discretionary Review Refused
Dec. 16, 1981.

J. Randall Walker, J. Glenn Barber, Jasper, for appellant.

Guy James Gray, Jasper, for appellee.

## OPINION

KEITH, Justice.

In this extradition proceeding, the appeal is from an order of the District Court of Jasper County remanding relator to the custody of the sheriff of said county for delivery to an agent of the State of Louisiana.

At the hearing on the application for the writ of habeas corpus, the State offered the executive warrant and supporting papers of the Governor of Texas authorizing the arrest and return of appellant to the State of Louisiana, upon demand of the Governor of that State, for the offense of escape from custody. No witness testified at the hearing although the trial court permitted appellant's counsel to introduce an affidavit of an attorney at law licensed in Louisiana who asserted that the offense charged against appellant was a misdemeanor under the laws of that State.

Appellant challenges the judgment below upon two grounds of error—(1) because it does not "substantially charge the person demanded with having committed a crime", and (2) because the complaint is insufficient to support a criminal prosecution under *Louisiana* law because it does not allege a culpable mens rea. We disagree and affirm the judgment of the trial court.

■ Once the Governor's Warrant, regular on its face, was introduced in evidence, the burden was upon appellant to overcome prima facie proof of the existence of every fact which the Governor was obliged to determine before issuing an extradition warrant. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex.Cr.App. 1980). Appellant labored under the burden of showing that the warrant was not based on proper authority or that its recitals were inaccurate. *Ex parte Cain*, supra.

■ Appellant attempts to distinguish *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), without success. As pointed out in *Ex parte Cain*, supra, discussing *Michigan v. Doran*:

> "The accused cannot properly raise in the asylum state the issue of probable cause for the issuance of an arrest warrant in the demanding state after the Governor of the asylum state has acted upon the requisition for extradition based on the demanding state's judicial determination that probable cause existed."

■ Ground one is found to be without merit and is overruled.

■ Nor do we find any merit in the second ground of error and its unstated secondary contention that the offense charged in Louisiana was a misdemeanor.

The phrase "other crime", found in *Art. 51.13, § 2, Vernon's Ann.C.C.P. (1979)*, has been construed to include misdemeanors. *Ex parte Leach*, 478 S.W.2d 471, 472 (Tex. Cr.App. 1972); *Ex parte Harris*, 375 S.W.2d 453, 454 (Tex.Cr.App. 1964).

■ The sufficiency of the indictment, information, or affidavit as a criminal pleading is not at issue in the asylum state. *Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex.Cr.App. 1974). Unless the accusation is clearly void, the question of its validity is for the demanding state. *Ex parte Bowman*, 480 S.W.2d 675, 676 (Tex.Cr.App. 1972). The second ground of error, submitted without supporting authority, is found to be without merit and is overruled.

The order remanding appellant to custody for extradition is affirmed.