**Ex parte Terry Ray TAYLOR.**

**No. 09–84–173 CR.**

Court of Appeals of Texas, Beaumont.

Feb. 13, 1985.

Rehearing Denied March 6, 1985.

David Bonham, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was arrested after a warrant was executed by the Governor of Texas pursuant to a request from the State of Indiana for his extradition. Appellant filed a writ of habeas corpus in the 252nd District Court of Jefferson County, Judge Leonard Giblin presiding. After a hearing, the writ was denied by Judge Giblin. Appeal has been perfected to this Court.

Ground of error number one asserts:

"The Trial Court committed reversable [sic] error by failing to grant the relief requested in the Application for Writ of Habeas Corpus, after the Appellant raised the issue of identity in sworn pleadings, that he was not the same person named in the Governor's Warrant, and by oral motion based upon said affidavit."

The Application for Writ of Habeas Corpus, sworn to by appellant, states, inter alia, "3. The applicant herein is not the same person named in the governor's warrant." This is in accord with the requirement of *TEX.CODE CRIM.PROC.ANN. art. 11.14* (Vernon 1977).[1]

In *Ex parte Bowers*, 131 Tex.Crim. 273, 98 S.W.2d 191 (1936), we find: "The allegations in the petition for writ of habeas corpus are not evidence, although sworn to, and do not prove themselves." And, in *Ex parte Ambrose*, 145 Tex.Crim. 582, 170 S.W.2d 731, 732 (1943), it is said: "The application for the writ, although sworn to, is but a pleading and does not prove itself."

And more recently the Court admonished, in *Ex parte Alexander*, 598 S.W.2d 308, 309 (Tex.Crim.App.1980):

"In *Ex parte Sanders v. State*, 588 S.W.2d 383 (Tex.Cr.App.1979), we reaffirmed that in a post-conviction habeas corpus proceeding, the burden of proof of the allegations which entitle the petitioner to relief, is upon the *petitioner*. See also, *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.1977); *Ex parte Clark*, 537 S.W.2d 40 (Tex.Cr.App.1976)."

*See also, Ex parte McWilliams*, 634 S.W.2d 815, 818–19 (Tex.Crim.App.1980), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982).

In the case at bar, the trial court clearly informed appellant's counsel that he believed the application for the writ was not sufficient to raise the identity issue. And, appellant's counsel responded, "Oh, no, sir. We do not intend to put the defendant or the movant on the stand in this particular hearing."

The introduction of a Governor's Warrant creates a prima facie case authorizing extradition. When the warrant is introduced it then becomes incumbent on petitioner to show that he was not the person charged in the demanding state. *Ex parte Scarbrough*, 604 S.W.2d 170, 174 (Tex. Crim.App.1980); *Ex parte Williams*, 622 S.W.2d 482 (Tex.App.—Beaumont 1981, disc. rev. ref'd). We hold that the filing of the application for writ of habeas corpus was not in itself sufficient to raise the issue of identity, and thus overrule this ground of error.

We find no merit in appellant's ground of error number two. In addition, no such complaint was urged by appellant before the trial court. It is overruled.

Ground of error number three asserts:

"Reversable [sic] error was committed when the trial Court refused the Appellant the right to be heard by both himself and counsel in support of his Application of Writ of Habeas Corpus."

Appellant was ably represented in the trial court by competent counsel. A sufficient brief has been filed in this Court by his counsel. The trial court was not obligated to consider pro se instruments or hybrid representation. *See Phillips v. State*, 604 S.W.2d 904, 907 (Tex.Crim.App. 1979); *Landers v. State*, 550 S.W.2d 272 (Tex.Crim.App.1977); *Sweaney v. State*, 632 S.W.2d 932, 935 (Tex.App.—Fort Worth 1982, no writ). This ground of error is overruled.

Ground of error number four follows:

"Reversable [sic] error was committed when the trial Court allowed the introduction of State's Exhibit # 1, the Governor's Warrant, and supporting papers, over Appellant's timely objection that the same had not been certified by the Texas Governor or Secretary of State as being the petitioner."

1. "5. Oath must be made that the allegations of the petition are true, according to the belief of

the Originals, or true and correct copies of the original papers received from the demanding state."

■■■ Appellant cites us only *TEX.REV. CIV.STAT.ANN. art. 3731a* (Vernon Supp. 1985), which governs the introduction of official written instruments, certificates, records, returns and reports; proceedings of the state legislature; and foreign laws into evidence. Actually, the necessary documents to extradite a person are controlled by *TEX.CODE CRIM.PROC.ANN. art. 51.13* (Vernon 1979), the "Uniform Criminal Extradition Act". *Section 3* of the Act sets forth the form of the demand, and the documents introduced with our Governor's Warrant certainly seem to be in accordance with this Act. Appellant has not specifically pointed out to us any particular failure.[2] At any rate, our Governor's Warrant states, in part:

"WHEREAS it has been represented to me by the Governor of the State of Indiana that Terry Ray Taylor, fugitive, stands charged with the crime of Escape ... in said State, and that he fled from the justice of that State, and has taken refuge in the State of Texas, and the said Governor of Indiana having, in pursuance of the Constitution and laws of the United States and of the State of Texas, demanded of me that I shall cause the said fugitive to be arrested and delivered...."

The State represents to us that the original of this warrant is present in our Courthouse, and appellant has not challenged that assertion. When the Governor of Texas makes such allegations and assertions in a warrant, if an accused denies the same, the burden shifts to the accused of proving that the demand was not accompanied by copy of a complaint duly certified by the governor of the demanding state. *See* 21 TEX.JUR.3d, *Criminal Law* Sec. 1778 (1982), and particularly footnote 13, and the authorities cited therein.[3] This ground of error is overruled.

Appellant's grounds of error numbers five and six have been answered in this opinion and they are overruled.

The order of the trial court denying the writ of habeas corpus is affirmed.

AFFIRMED.

---

**2.** The actual objection made by appellant was: "At this time we would object to the introduction of the Governor's Warrant as the extradition papers supporting the extradition are defective, not properly authenticated."

**3.** In *Ex parte Wells,* 108 Tex.Crim. 57, 298 S.W. 904, 905 (1927), we find: "It will always be presumed, in the absence of a showing to the contrary, that the action of the Governor in issuing his executive warrant was upon proper and legal requisition, and that the Governor performed his duty legally. *Hyatt v. New York ex rel Corkran,* 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657."

And in *Ex parte Yawman,* 113 Tex.Crim. 20, 18 S.W.2d 647 (1929), the Court wrote: "The certificate of the Governor of this state to the fact that the Governor of Oklahoma had made it known to him that the relator was charged by a complaint, and that the demand for his surrender was accompanied by a copy of the complaint duly certified as authentic by the Governor of Oklahoma was sufficient to put upon relator the burden of proving that the demand was not accompanied by a copy of the complaint duly certified by the Governor of Oklahoma."