Willis v. State 






       AFFIRMED 
APRIL 5, 1990 

NO. 10-90-029-CR
Trial Court
# 90-286-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

OLAN DWAYNE WILLIS,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Appellant gave notice of appeal from the denial of a writ of
habeas corpus to complain about an extradition order directing that
he be delivered to the State of California. See TEX. CODE CRIM.
PROC. ANN. art. 51.13 (Vernon 1979). He complains that the
evidence was insufficient to support his extradition because the
certification by the California Secretary of State was dated the
day after the California Governor's requisition, and because the
motion for requisition was incomplete on its face. He also asserts
that the affidavit of Jeff Ouimet does not show probable cause that
he committed a crime in California. The judgment will be affirmed.
On January 26, 1990, the court held an extradition hearing at
which the State introduced the governor's warrant and its
supporting documents. At the conclusion of the hearing, the court
found that Appellant was the same person charged with an offense in
California and ordered that he be delivered to California.
Appellant attacks the court's action in a habeas corpus
proceeding. In points one and two he claims that the motion for
requisition was insufficient to support his extradition because the
certification by the California Secretary of State was dated the
day after the California Governor's requisition, and because the
motion for requisition was incomplete on its face. 
Once a governor's warrant that is regular on its face is
introduced into evidence, the burden is upon the defendant to
overcome the prima facia proof of the existence of every fact the
governor was obliged to determine before issuing the extradition
warrant. Ex parte Williams, 622 S.W.2d 482, 483 (Tex. App.--Beaumont 1981, pet. ref'd). To prevail, the defendant must
overcome the following presumptions: (1) that the governor acted on
a proper, legal and sufficient requisition by the demanding state;
(2) that he was charged with an extraditable offense under the
demanding state's laws; (3) that he was in the demanding state at
the time of the offense; (4) that he is a fugitive from justice;
and (5) that he is legally held in custody for extradition to the
demanding state. Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530,
535, 58 L.Ed.2d 521 (1978); Wright v. State, 717 S.W.2d 485, 487
(Tex. App.--San Antonio 1986, no pet.).
In a habeas corpus proceeding involving extradition, inquiry
is limited to whether the defendant has been charged with a crime
in the demanding state, whether he is the person named in the
extradition request, and whether he is a fugitive. Wright, 717
S.W.2d at 487. The documents introduced below meet the
requirements of the extradition statute, and Texas may not look
behind the documents because their validity should be determined in
the demanding state. See TEX. CODE CRIM. PROC. ANN. art. 51.13
(Vernon 1979); Doran, 99 S.Ct. at 536.
Assuming, without deciding, that Appellant preserved his
complaints on appeal, even though they do not comport with any
objection or argument made at the hearing, he failed to rebut the
State's prima facia evidence. See Williams, 622 S.W.2d at 483. 
Appellant's only objection was that the governor's warrant was
hearsay. He did not contest the validity of the documents, which
constituted the State's prima facia case; therefore, his evidence
was insufficient to rebut the State's prima facia case. Points one
and two are overruled.
The third point is that the affidavit of Jeff Ouimet did not
establish probable cause to believe that Appellant committed an
offense in California. This point is overruled because, "when a
neutral judicial officer of the demanding state has determined that
probable cause exists, the courts of the asylum state are without
power to review the determination." See Doran, 99 S.Ct. at 536. 
The documents introduced at the hearing show that Judge Edward
Nelson, a judicial officer in California, determined that there was
probable cause to believe that Appellant committed the offense
charged. Appellant introduced no evidence to show that Judge
Nelson was not a neutral judicial officer. The judgment is
affirmed.
 
                    
BOB L. THOMAS
DO NOT PUBLISHChief Justice