**AFFIRMED; Opinion Filed November 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00454-CR

## EX PARTE WILLIAM THOMAS NICHOLAS, JR.

**On Appeal from the County Criminal Court No. 10**
**Dallas County, Texas**
**Trial Court Cause No. MC15-A0588-L**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

William Thomas Nicholas, Jr. appeals the trial court's order denying him the relief sought by his application for writ of habeas. We affirm the trial court's order.

BACKGROUND[1]

In 1986, appellant was convicted, on his guilty plea, of misdemeanor DWI. Punishment was assessed at ninety days' confinement, probated for twenty-four months, and a $450 fine. In 1994, appellant was convicted of a second misdemeanor DWI. The 1986 and 1994 DWI convictions were used to elevate a 1998 third DWI to a third-degree felony. Appellant was sentenced to three years' imprisonment. In 2010, appellant, on his guilty pleas, was convicted in

---

[1] The background information is derived from the application for writ of habeas corpus and appellant's brief.

Smith County of two second-degree-felony aggravated assaults with a deadly weapon. The 1998 felony DWI conviction was used to enhance the punishment range to a first-degree felony. The trial court assessed two life sentences.

On January 22, 2015, appellant filed an article 11.072[2] application for writ of habeas corpus challenging the voluntariness of his guilty plea in the 1986 misdemeanor DWI case. On February 10, 2015, the trial court denied the writ of habeas corpus without a hearing. The trial court entered written findings of fact and conclusions of law that stated: "(1) defendant was charged with a Class B misdemeanor DWI case to which he pled guilty; (2) defendant is currently incarcerated with the Texas Department of Justice for an unrelated offense; (3) defendant filed his writ of habeas corpus pro se; (4) defendant's writ contained no unresolved issues material to the legality of his confinement; and (5) the Court denied the writ without a hearing."

APPLICABLE LAW

When reviewing a trial court's ruling on a habeas corpus application, we view the evidence presented in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We must uphold that ruling absent an abuse of discretion. *Id*. We afford almost total deference to a trial court's findings in habeas proceedings, particularly when those findings are based upon an evaluation of credibility and demeanor. *See Ex parte Wheeler,* 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006). We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte*

---

[2] TEX. CODE CRIM. P. ANN. art. 11.072 (West 2015) (habeas corpus procedure in community supervision case).

*Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id*.

An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt,* 206 S.W.3d at 664. The applicant has the burden to prove the factual allegations contained in the application. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). The applicant also has the burden of ensuring a sufficient record is presented to show error requiring reversal on appeal. *Washington v. State*, 326 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The application for writ of habeas corpus, although sworn to, is but a pleading and does not prove itself. *See Ex parte Wells*, 332 S.W.2d 565, 565 ( Tex. Crim. App. 1960); *see also State v. Guerrero*, 400 S.W.3d, 576, 583 (Tex. Crim. App. 2013); *Washington*, 326 S.W.3d at 706; *Ex parte Taylor*, 690 S.W.2d 33, 34 (Tex. App.—Beaumont 1985, no pet.).

## DISCUSSION

Appellant contends the trial court's findings are erroneous and that the court abused its discretion by denying his application for writ of habeas corpus. Appellant asserts that his 1986 guilty plea was involuntary because he was indigent and was not admonished as to his right to an attorney. Appellant asserts that because the plea was involuntary, the judgment of conviction is void, and thus it should not have been used to enhance his third DWI to a felony offense. The State responds that the trial court properly exercised its discretion in denying appellant's application for writ of habeas corpus because the record supports the trial court's findings on each of appellant's points.

To the extent appellant complains the trial court abused its discretion in not conducting an evidentiary hearing on his application, his issue is without merit. There is no requirement that

the trial court hold an evidentiary hearing before determining the merits of claims raised in appellant's application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.).

Moreover, appellant had the burden to prove he was entitled to the relief sought by his article 11.072 application for writ of habeas corpus. *See Kniatt,* 206 S.W.3d at 664. Appellant presented no evidence that his 1986 guilty plea was involuntary. *See Ex parte Thomas*, 906 S.W.2d at 24. Rather, he relies solely on the statements he made in his application, which are not evidence. *See Ex parte Wells*, 332 S.W.2d at 565. Additionally, appellant's current incarceration on the two aggravated assault offenses is unrelated to the 1986 DWI case, he did file his application for writ of habeas corpus pro se, and the writ application did not contain any unresolved issues material to the legality of his confinement. The record before us supports the trial court's findings. *Ex parte Wheeler,* 203 S.W.3d at 323–24 (an appellate court defers to the trial court's factual findings supported by the record).

Reviewing the record as a whole, we conclude the trial court did not abuse its discretion in denying appellant the relief sought by his application for writ of habeas corpus. *See Kniatt*, 206 S.W.3d at 664. We overrule appellant's issues.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.


/s/ Lana Myers
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
150454F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE WILLIAM THOMAS
NICHOLAS, JR.

No. 05-15-00454-CR

Appeal from the County Criminal Court
No. 10 of Dallas County, Texas (Tr.Ct.No.
MC15-A0588-L).
Opinion delivered by Justice Myers,
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 4th day of November, 2015.